IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CAROLYN DEADMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-cv-677-WDS-DGW |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Currently pending before the Court is Plaintiff's Motion for More Definite Statement (Doc. 19). Plaintiff moves pursuant to Fed. R. Civ. P. 12(e), asking the Court to order Defendant to provide a more definite statement of its answer.

In the complaint, Plaintiff raised a breach-of-contract claim. In paragraph 48 of the complaint, Plaintiff states, "Plaintiff performed all conditions precedent." In answering the complaint (Doc. 20), Defendant states "It denies the allegations of Paragraph 48."

Fed. R. Civ. P. 9(c) allows a Plaintiff to plead generally that all conditions precedent to the contract have occurred or have been performed. The same rule, however, requires that if a party denies the occurrence of a condition precedent, he or she must do so with particularity.

In the pending motion for more definite statement, Plaintiff argues that Defendant's answer is inadequate because Defendant does not deny paragraph 48 with specificity. In response to the motion, Defendant states that Plaintiff does not specifically plead "what contract the defendant supposedly breached," but to the extent it is an employment contract, the Defendant denies the existence of such a contract between Plaintiff and Defendant. Defendant argues therefore that specific denial of conditions precedent is not required. That is, if no contract exists, no conditions

precedent which Plaintiff could perform exist either.

Defendant's argument is well taken. Based upon Defendant's pleading and Defendant's representation that no contract existed between Plaintiff and Defendant, Defendant is not required, nor could it specifically deny the performance of conditions precedent. For these reasons, Plaintiff's Motion for a More Definite Statement (Doc. 20) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 29, 2010**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**